# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION OF | ) | |
| BRACHA FOUNDATION | ) | CASE NO.: 2:15-mc-00748-KOB |
| REQUEST FOR DISCOVERY | ) | |
| PURSUANT TO 28 U.S.C. §1782 | ) | |

## MEMORANDUM OPINION

This matter is before the court on the "Motion to Vacate *Ex Parte* Order and Deny 28 U.S.C. § 1782 Application." (Doc. 11). The court held a hearing on this matter on October 2, 2015. For the reasons stated on the record of the hearing and further explained in this Memorandum Opinion, the court will DENY this motion to vacate, and will *sua sponte* AMEND its original "Order Granting Bracha Foundation's *Ex Parte* Application for Discovery pursuant to 28 U.S.C. § 1782" dated May 7, 2015 (doc. 3) to reflect the intervention of Hornbeam, Inc. as a second applicant for discovery pursuant to § 1782; to reflect that, with the intervention of Halliwel Assets and Symeou, this matter is no longer *ex parte;* and to narrow the scope of the ordered discovery. At the hearing, the court ordered the parties to confer regarding narrowing the scope of the ordered discovery, but they were unable to reach an agreement; they filed separate responses to that Order on Wednesday, October 7, 2015. (Docs. 44 & 45). The court will also *sua sponte* QUASH the subpoena based on the May 7, 2015 Order, which this court will amend.

In the Motion to Vacate, intervenors Halliwel and Symeou assert several reasons why the court should vacate its previous order granting discovery pursuant to § 1782: because of the *ex parte* nature of the proceedings; because of the alleged failure to meet the statutory requirements

for § 1782 discovery; and because discretionary factors allegedly disfavor discovery.

    1.  The *Ex Parte* Nature of the Original § 1782 Proceedings

      The court does not agree that the first reason—the *ex parte* nature of the original proceeding—is well taken.  The decisions of the Eleventh Circuit Court of Appeals affirm the granting of § 1782 applications in *ex parte* proceedings, and other decisions outside the Circuit acknowledge that the use of *ex parte* § 1782 applications is widespread and that granting them is not improper based on their *ex parte* nature.  *See, e.g., Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.,* 747 F.3d 1262, 1275 (11th Cir. 2014) (affirming the order entered in an *ex parte* § 1782 proceeding denying the provider's motion to vacate and denying reconsideration); *In re Clerici,* 481 F.3d 1324 (11th Cir. 2007) (affirming the district court's granting of an *ex parte* application under § 1782); *see also Gushlak v. Gushlak,* 486 F. App'x 215, 217 (2d Cir. 2012) (stating that "it is neither uncommon nor improper for district courts to grant applications pursuant to § 1782 *ex parte*"); *In re Braga,* 272 F.R.D. 621, 625 (S.D. Fla. 2011) (finding unpersuasive the argument that the *ex parte* nature of the order granting an application pursuant to § 1782 was an "unfair surprise" and noting that most § 1782 applications in that district were filed and decided *ex parte*).

      In any case, even if the original proceeding was an *ex parte* one, the court held a hearing on the motion to vacate and is now amending its previous Order on § 1782 discovery in light of the arguments and submissions of *all* parties.

      Halliwel and Symeou also argue that the court should vacate its order because Bracha's counsel violated their heightened duty of disclosure in *ex parte* proceedings set out in Rule 3.3(d) of the Alabama Rule of Professional Conduct.  Even assuming *arguendo* that Bracha's counsel

did violate such a rule—and the court does not find that they did—Halliwel and Symeou provide

no authority for the proposition that such a violation on the part of *counsel* warrants vacating a §

1782 order authorizing counsel's *client* to issue a subpoena when the requirements of § 1782 are

met.  Under these circumstances, the court need not and does not determine whether the counsel

of Bracha violated such a duty.

      2.   The Statutory Requirements

      Halliwel and Symeou further argue that Bracha did not satisfy the § 1782 statutory

requirements:

> (1) the request must be made "by a foreign or international tribunal," or by "any
> interested person"; (2) the request must seek evidence, whether it be the "testimony
> or statement" of a person or the production of "a document or other thing"; (3) the
> evidence must be "for use in a proceeding in a foreign or international tribunal"; and
> (4) the person from whom discovery is sought must reside or be found in the district
> of the district court ruling on the application for assistance.

*Application of Consorcio Ecuatoriano,* 747 F.3d at 1269 (quoting 28 U.S.C. § 1782(a)).

Halliwel and Symeou did not challenge requirements two and four, and the court agrees with its

previous finding that the § 1782 application met these requirements; the request sought the

production of documents, meeting element two, and Regions Bank, the entity from whom

discovery is sought, resides or is found in the Northern District of Alabama, meeting element

four.

      a.   Interested Person

      Halliwel and Symeous challenged instead requirements one and three, insisting that the §

1782 application did not sufficiently meet these requirements.  As to the first requirement, they

challenged *Bracha*'s status as an "interested person" because it is not a registered shareholder of

Halliwel.  Despite that challenge,  Halliwel and Symeou acknowledged at the hearing that *Hornbeam* would be an interested person for the purposes of § 1782 because it was a registered shareholder of Halliwel.  The court recognizes that Hornbeam was not an original applicant for § 1782 discovery.  However, given the successful intervention of Hornbeam for the purpose of being an additional applicant (*see* Order granting Hornbeam's motion to intervene, doc. 41) and given all parties' recognition that Hornbeam is an interested person within the meaning of § 1782, the court FINDS that, with both Bracha and Hornbeam as applicants, no reasonable dispute currently exists on this requirement; "interested party" status is met.  The court does not specifically find that Bracha is not an interested party and, in light of the addition of Hornbeam, the court need not make a determination whether Bracha alone satisfied, or would satisfy, the interested party requirement.  Noting that Regions Bank has not yet produced any documents in response to the subpoena issued pursuant to the original Order, the court will AMEND its Order to reflect that Hornbeam is an additional applicant for § 1782 discovery, and Hornbeam and Bracha jointly can issue a subpoena based on the amended order.  The court further FINDS that the Order  is *not* due to be vacated for lack of an interested party applicant, although the Order will be amended.

>    b.  For Use in a Foreign Proceeding

As to requirement three—the discovery must be for use in a foreign proceeding— Halliwel and Symeou asserted that Bracha and Hornbeam never intended to use the evidence in a foreign proceeding, pointing to Bracha and Hornbeam's failure to file suit in the BVI during the four months between the application and the motion to vacate,  and to Bracha and Hornbeam's filing suit against Halliwel, Symeou and others in Ohio state court only one month after the

application. They argued that Bracha and Hornbeam are attempting to use the § 1782 discovery

as a pre-filing fishing expedition for use in *domestic* litigation, such as the case in Ohio state

court based on the same facts against the same defendants.

The court disagrees that the four-to-five month lapse of time between the application and

this ruling demonstrates that Bracha and Hornbeam did not reasonably contemplate filing a

proceeding in the BVI or another foreign jurisdiction.  At the hearing, counsel for Bracha and

Hornbeam explained that the filing in Ohio was distinct from the claims they contemplated

bringing in the BVI, and that the Ohio suit was a change in strategy occurring as a direct result of

their learning about the threat to sell Warren Steel, a company based in Ohio, and their desire to

prevent that sale.  This change meant that Bracha and Hornbeam put on hold the discovery to

support the BVI shareholder oppression claims to be filed in the BVI as they addressed the more

pressing threat that the Ohio state court case was filed to prevent.   Counsel for Bracha and

Hornbeam explained that the Ohio state court proceeding and the proposed BVI proceeding had

differing purposes: the Ohio action focusing on preventing the sale of Warren Steel and the BVI

proceeding addressing claims of breach of fiduciary duty and shareholder oppression, claims that

are not part of the Ohio action.

And to dispel any suggestions that the § 1782 applications in Alabama and elsewhere

represented fishing expeditions for evidence to use in Ohio, counsel for Bracha and Hornbeam

agreed to enter into a protective order limiting the use of evidence obtained so that it could not be

used in Ohio.  They have since submitted a proposed protective order to that effect.  (Doc. 45-1).

Accordingly, Hornbeam and Bracha have provided  reasonable explanations to the court for both

the absence of a foreign litigation filing and the presence of a related but different domestic suit.

Further, the decisions of the United States Supreme Court and the Eleventh Circuit Court of Appeals reflect that the lapse of time between the application and filing does not negate a finding that a foreign proceeding was reasonably contemplated.  The Supreme Court specifically explained in *Intel Corp. v. Advanced Micro Devices, Inc.* that the foreign litigation referenced in § 1782 does not have to be pending *or even "imminent."*  542 U.S. 241, 259 (2004) (emphasis supplied).   And in the *Application of Consorcio Ecuatoriano* decision, the Eleventh Circuit found that the district court committed no error in crediting the applicant's detailed explanation about why it had not filed suit in Ecuador,  even though four long years elapsed between the filing of the § 1782 application in 2010, and the 2014 decision affirming the district court's denial of the motion to vacate the order granting the application, with no foreign suit yet filed. 747 F.3d at 1270.

In light of controlling case law and Bracha and Hornbeam's explanations, the court FINDS that Bracha has demonstrated that it reasonably contemplated foreign litigation when it filed the application in May 2015 and that Hornbeam and Bracha have since demonstrated that foreign litigation remains within their reasonable contemplation at the time of this decision on the motion to vacate.  The court disagrees with Halliwel and Symeou's argument that, at most, § 1782 permits pre-filing Rule 27 discovery, and they provide no controlling case law supporting that argument.  Accordingly, the court FINDS that the amended application of Bracha and Hornbeam meets the statutory requirements for § 1782 discovery.

3.  Discretionary Factors

If the § 1782 statutory requirements are met, "[t]he statute authorizes, but does not require, a federal district court to provide assistance to a complainant" for use in foreign

proceedings.  *See Intel,* 542 U.S. at 255.   Because the statutory requirements for § 1782

discovery are met, the court has discretion regarding whether to allow the discovery, and, in May,

it ordered the requested discovery that Halliwel and Symeou now challenge.

　　　In determining the proper exercise of its discretion, the court considered and now re-

assesses the four discretionary factors that the Supreme Court set out in *Intel*:  1) whether the

person from whom discovery is sought is not a participant in the foreign proceeding and is

therefore outside the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal

and its receptivity to judicial assistance by U.S. federal courts; (3) whether the request conceals

an attempt to circumvent foreign evidence-gathering rules; and (4) whether the request is unduly

intrusive or burdensome.  *See Intel,* 542 U.S. at 264-65.

　　　As to the first factor, the parties acknowledged that the entity from whom discovery is

sought, Regions Bank, is not a participant in the foreign proceedings.  However, Halliwel and

Symeou pointed out that the Regions Bank documents requested—Warren Steel's bank

records— should be available through the proposed parties to the BVI litigation because the BVI

court could order Halliwel, as the 100% owner of Warren Steel, to produce those bank records,

and, if the records Halliwel produces are not satisfactory, Bracha and Hornbeam could then ask

the BVI court for an order obtaining supplemental records.

　　　This court acknowledges the Supreme Court's guidance that "a foreign tribunal has

jurisdiction over those appearing before it, and can itself order them to produce evidence."  *Intel,*

542 U.S. at 264.  Yet, even if Hornbeam and Bracha could obtain Warren Steel bank records

through Halliwel in the BVI litigation, given the rancor and distrust that exists among the

proposed parties to the BVI litigation, the court finds that disputes about such records, including

7

their accuracy and/or completeness, would be likely, if not inevitable.  Yet, the BVI court would

have no jurisdiction over Regions Bank, a non-party, to remedy such disputes.  This court joins

Judge Broderick in the Southern District of New York in finding that Symeou (and Halliwel)

have proffered no reasonable explanation regarding "how Hornbeam could obtain wire transfer

records from non-party financial institutions located outside the jurisdiction." (*See In re:*

*Application of Hornbeam Corp.*, in the S.D. N. Y. Dated Sept. 17, 2015, doc. 33-31, at 18, pp.

17).  Accordingly, the court FINDS that the first discretionary factor favors the requested

discovery.

As to the second discretionary factor, Halliwel and Symeou do not address it, and this

court has no reason to believe that the BVI tribunal would not be receptive to judicial assistance

by U.S. federal courts.  The court FINDS that the second discretionary factor favors the requested

discovery.

As to the third discretionary factor, Halliwel and Symeou argued that Bracha is engaging

in chicanery to obtain discovery for use in the Ohio action, but this court has previously

addressed and rejected this argument.  In any case, the protective order prohibiting the use of

discovery information in Ohio alleviates any such concerns.  To the extent that Halliwel and

Symeou pointed to the cost judgment against Hornbeam to bolster their argument that Bracha and

Hornbeam have no intention to litigate in the BVI because Hornbeam would first have to pay the

large BVI cost judgment, the court does not find this argument to be plausible in light of the

extraordinary wealth of Shulman, the ultimate beneficial owner of the entire interest in both

Hornbeam and Bracha.  Regardless of whether Hornbeam, which is a trust company in

dissolution,  currently holds assets sufficient to satisfy the BVI cost judgment against it, counsel

for Hornbeam and Bracha assured the court that Bracha and Shulman have more than sufficient assets to pay the cost judgment should doing so advance their interest in having Bracha registered as a shareholder of Halliwel.

Halliwel and Symeou also argued that Bracha is forum shopping to circumvent BVI evidence gathering procedures, particularly given Hornbeam's lack of success in earlier related proceedings in the BVI.  However, this court finds the explanation of  Bracha and Hornbeam to be reasonable: they explained that, given Hornbeam's lack of success in past BVI proceedings, they need to be armed with evidence to support their claims of bad financial acts on the part of the proposed defendants, and that obtaining financial records from a bank not located within the jurisdiction of BVI tribunals to show inconsistencies and anomalies in those records could provide that support.

Halliwel and Symeou further asserted that principles of comity militate against this court's interfering in the internal affairs and administration of a BVI company, a matter that this court should leave to a BVI court applying BVI law.  However, the § 1782 application does not propose to litigate a dispute about Halliwel's internal affairs here in the Northern District of Alabama.  Rather, the application is merely a discovery device to obtain evidence here in the jurisdiction where the evidence exists, and then to litigate elsewhere.  The applicants proposed that any litigation about Halliwel's administration and alleged fiduciary breaches will take place in the BVI.   Accordingly, the court rejects this comity argument.  The court FINDS that discretionary factor three favors granting discovery.

The final discretionary factor is whether the discovery is unduly intrusive or burdensome. Halliwel and Symeou argued that requests for documents "touching the 12 Related Party

Lenders, 33 Related Entities and 12 Related Individuals are not needed to assess the validity of the Loans which can be accomplished by the production of specific transfer and deposit records" and "will capture voluminous private and confidential transactions **unrelated** to Warren Steel." (Br. in Supp. of Mot. to Vacate, doc. 12, at 38-39) (emphasis in original).  In their Supplemental Memo and at the hearing, Halliwel and Symeou argued that, at a minimum, the court should narrow the subpoena to authorizations in sections 2 a) - h) of the original Order granting the § 1782 application, which sections are focused on documents concerning Warren Steel.

Now having the benefit of subsequent filings by *both* parties and the information provided by both parties at the hearing, the court agrees with Symeou and Halliwel that this fourth discretionary factor warrants narrowing the subpoena authorization; it FINDS, in its discretion, the subpoena authorization should be amended to include only documents listed in 2. a) - h) of the original Order.  If, after receiving these documents, Bracha and Hornbeam find anomalies and inconsistencies and need further documents to explain them, or have some other legitimate reason for needing additional documents from Regions Bank, Bracha and Hornbeam may make specific requests to this court that are narrowly tailored, such as by date and Related Party, Related Entity and/or Related Individual, with a reasonable explanation for why Bracha and Hornbeam need the additional documents, and the court will consider those requests.

In sum, the court CONCLUDES that its previous finding that the statutory requirements are met and that the discretionary factors favor the granting of the discovery is correct as to the application, so the court will DENY the motion to vacate that Order.  However, the court will AMEND the Order to add Hornbeam as an additional applicant for § 1782 discovery; to reflect that this matter is no longer *ex parte*; and to narrow the subpoena authorization to the documents

listed in 2. a) - h) of that original Order.  Because the subpoena previously issued to Regions Bank was based on the Order that the court has now amended, the court will *sua sponte* QUASH that subpoena, and Hornbeam and Bracha may issue a new subpoena as authorized by the amended Order.  The court will also enter a separate protective order.

Dated this 19th day of October, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

11