IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE APPLICATION OF** ) | |
| **BRACHA FOUNDATION** ) | **2:15-mc-748-KOB** |
| ) | |
| **REQUEST FOR DISCOVERY** ) | |
| **PURSUANT TO 28 U.S.C. § 1782** ) | |

## MEMORANDUM OPINION

This matter is before the court on "Movants' Renewed Motion for Stay Pending Appeal"  (doc. 55), filed in conjunction with the "Notice of Appeal" (doc. 54) from this court's "Order Denying Motion to Vacate, Quashing the Subpoena to Regions Bank, and Amending the Order Granting Application for Discovery Pursuant to 28 U.S.C. § 1782" (doc. 47), as well as all related orders and rulings.  Bracha and Hornbeam responded to this motion.  (Doc. 50).  For the reasons stated in this Memorandum Opinion, the court will DENY the motion for stay.

The one matter on which all parties agree is the list of four factors that the court considers in determining whether to issue a stay pending appeal.  Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder,* 556 U.S. 418, 432 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).

 A. Likelihood of Success on the Merits

The first factor that the court must weigh is whether the applicants have made a strong showing that they are likely to succeed on the merits. The Eleventh Circuit Court of Appeals has explained that "[o]rdinarily the first factor is the most important." *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir. 1986). Of course, when the trial court making the ruling that is appealed is evaluating this factor, that court is not *likely* to find that *likely* success awaits in the appeal of its well-reasoned ruling. In any event, "the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2,3, and 4] weighs heavily in favor of granting the stay.'"*Id.* (quoting *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981) (*per curiam*), *cert. denied*, 460 U.S. 1042 (1983)).

Preliminary to its determination regarding success on appeal, the court notes the standard of review on appeal. To the extent that the review of the district court's decision is based on interpretation of the law, the review is *de novo.* However, if the court properly applied the law, then the appellate court's review of the district court's analysis at the discretionary stage regarding whether to grant

2

discovery and the scope of that grant "is extremely limited and highly deferential" and may be overturned "only for abuse of discretion." *United Kingdom v. United States,* 238 F.3d 1312, 1319 (11th Cir. 2001).

The court sees nothing in the motion that supports a strong or substantial case that it incorrectly interpreted or incorrectly applied the law as to § 1782's four statutory requirements[1]. The movants only challenged two of those requirements in its motion to vacate and challenge those same requirements here. One of their challenges—that Bracha was not an interested person entitled to make the § 1782 request—no longer applies with the intervention of Hornbeam and its addition as a § 1782 applicant; the movants do not challenge Hornbeam's status as an interested person. The other challenge to statutory requirements argued in the motion to stay—that the discovery was not for use in a foreign proceeding because the future BVI proceedings were not within "reasonable contemplation"—is focused primarily on matters that occurred in Ohio state court *after* this court's previous

---

[1] Those statutory requirements list as follows: (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A v. JAS Forwarding (USA), Inc.,* 747 F.3d 1262, 1269 (11th Cir. 2014) (quoting 28 U.S.C. § 1782(a)).

rulings. The court fails to see how those matters support this court's misapplication or misinterpretation of the law.

The court acknowledges the movants' argument that foreign proceedings are no longer reasonably contemplated after the Ohio action's dismissal, focused on a letter Hornbeam submitted in the New York § 1782 proceedings before that dismissal. That letter stated in part that "[i]f the Ohio Action fails to preserve Warren Steel, then there will likely no longer be assets in the BVI to justify the contemplated BVI proceedings." (Doc. 16-39). This new argument does not affect the correctness of the court's finding in October that Hornbeam and Bracha had demonstrated that they reasonably contemplated the BVI suit. Futher, it does not compel a conclusion that Hornbeam and Bracha no longer contemplate suit in the BVI. Indeed, a reasonable argument exists that the dismissal of the Ohio action filed to prevent the sale of Warren Steel to insiders would *increase* the urgency of filing a shareholder oppression suit in the BVI before the sale actually occurs and while Warren Steel remains an asset of Halliwel. In any event, the prospect of selling Warren Steel does not undermine the court's finding that Hornbeam and Bracha had demonstrated that they reasonably contemplated the BVI suit. The movants have failed to present a strong or substantial case that this

court incorrectly interpreted or incorrectly applied the law as to § 1782's four statutory requirements

Having established that failure, the court notes that the only way movants will have success on the merits is to show that this court abused the "broad discretion" that Congress gave it to rule on § 1782 applications. *See United Kingdom,* 238 F. 3d at 1318-19. The movants do not dispute that the court, in its discretion, applied the four discretionary factors[2]—set out in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004) and quoted by the Eleventh Circuit in *In re Clerici,* 481 F.3d 1324, 1334 (11th Cir. 2007)—in re-assessing the application under § 1782. Although movants disagree with the result of that assessment, they fail to provide a strong or substantial case that the court abused its broad discretion in so ruling after weighing the appropriate factors. Because most of the movants' arguments merely reiterate their arguments in the motion to vacate and supporting briefs, the court will not reiterate its analysis and rejection of those same arguments.

---

[2] Those discretionary factors list as follows: 1) whether the person from whom discovery is sought is not a participant in the foreign proceeding and is therefore outside the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and its receptivity to judicial assistance by U.S. federal courts; (3) whether the request conceals an attempt to circumvent foreign evidence-gathering rules; and (4) whether the request is unduly intrusive or burdensome. *See Intel,* 542 U.S. at 264-65.

However, the court has not yet addressed one argument that movants present because it relates to the breadth of the discovery ultimately authorized in the court's October 2015 order.  In their brief on the renewed motion for stay pending appeal, the movants argue: "There is at least a substantial case that § 1782 does not permit broad pre-filing document discovery—**all** of Warren Steel's Regions Bank records from 2007 to date. . . ." (Doc. 55, at 8).  To the extent that this argument objects to pre-filing document discovery, the court has previously addressed and rejected that argument as the Supreme Court has clearly stated that foreign litigation referenced in § 1782 does not have to be pending or even "imminent."  *See Intel Corp.,* 542 U.S. at 259; *see also* Memo Op.  Doc. 46, at 6.  However, the objection to the scope of the discovery authorized in its October 19, 2015 Order is a new one.  The court recognizes that the movants would prefer that the court had rejected entirely the application for discovery pursuant to § 1782.  However, given that the court, in its discretion, granted that application, the court finds curious and unpersuasive the movants' current position that the *scope* of the discovery is overly broad:  that scope is precisely what the movants suggested in their supplemental brief and during the hearing. In their supplemental brief, movants argued that, at a minimum, if the court were inclined to grant discovery, it should narrow the original discovery grant to documents related to Warren Steel,

6

which would be sections a-h of the original subpoena.  (Doc. 40, at 14).  Counsel for Halliwel stated at the hearing:

> So, if Your Honor is going to allow this subpoena to go forward, what we would ask is that you strike request ... I, J, K.  They'll get the bank records [requests A-H] related to Warren Steel ....And it seems to me that the core of what they should be asking for is the bank records of Warren Steel.  That is what we would ask Your Honor to limit it for now.

(Tr. Doc. 51, at 48-50).  The scope of the discovery that this court authorized in October and that movants now characterize as impermissibly broad is identical to the scope that they previously suggested above.  The court finds that the movants have failed to present even a substantial showing of likelihood of success on this new argument that the scope of the October discovery authorization is overly broad.

In sum, given the "extremely limited and highly deferential" review of a district court's decision on a § 1782 application (*see United Kingdom,* 238 F.3d at 1318-1319), this court FINDS that the movants have not made a strong or even substantial showing that they are likely to succeed on the merits of this appeal.

B. & C.  Irreparable Injury of the Movant and Opponents

The court acknowledges that, without a stay either from this court or from the Eleventh Circuit Court of Appeals, Hornbeam and Bracha would be able to proceed with discovery before the Eleventh Circuit would have time to address

this appeal.  And, once Hornbeam and Bracha obtain this evidence, the proverbial bell cannot be unrung.  The court notes, however, that a protective order (doc. 48) is in place that will limit how Hornbeam and Bracha can use the evidence and who will have access to it, limiting their use to specific "Permitted Litigations" and "Permitted Uses"; requiring filings of certain evidence to be sealed; providing for the designation of certain materials as "Attorneys'-Eyes-Only"; and providing for the destruction and returning of documents if no foreign proceedings are filed.

Further, the court notes that the discovery ordered is, at the present time, limited to records related to Warren Steel.  Hornbeam and Bracha persuasively question whether providing those two entities access to Warren Steel records would indeed cause irreparable harm and raise legitimate confidentiality concerns given their close relationship to Warren Steel.  Because Hornbeam owns one-third of the stock in Halliwel, whose only asset is Warren Steel, giving Hornbeam access to Regions Bank records *limited* to Warren Steel and *subject* to a Protective Order hardly appears to represent dire harm.  The court notes as well that both Hornbeam and Bracha share the same ultimate beneficial owner.

On the other hand, granting the stay runs a great risk of harming Hornbeam and Bracha as the clock is ticking on their ability to effectively use that discovery. The Ohio court's TRO enjoining the sale of Warren Steel to related parties is no

longer in place. (Doc. 52-1).   Further, the movants acknowledge that they are currently attempting to execute on Hornbeam's Halliwel shares to satisfy a cost judgment against Hornbeam in the BVI, which they hope will result in Hornbeam no longer having shares in Halliwell, and will moot future litigation.  (Doc. 55, at 7 n. 3).   This court has already granted one stay of a subpoena directed at Regions Bank pursuant to the § 1782 discovery while it addressed the motion to vacate.  A further delay pending appeal threatens to prevent that discovery until after the Warren Steel sale and after the execution on Hornbeam's Halliwel shares, when Hornbeam and Bracha may not be able to use the discovery effectively. Thus, the court FINDS that the balance of irreparable harm weighs *against* granting the stay.

D.  Public Interest

Finally, the court FINDS that the public interest favors allowing the discovery, as it supports the truth in foreign actions and encourages open disclosure among shareholders, investors, and corporations where allegations of misconduct are raised. Although movants argue that denying the stay would fail to extend deference to the internal affairs doctrine and principles of comity, the court has already addressed and rejected those arguments in its previous rulings. *See* Memo Op. Doc. 46, at 9-10. The court reiterates that this court's granting of the § 1782 application did not litigate a dispute about Halliwel's internal affairs here in the Northern District of

Alabama. Rather, the application is merely a discovery device to obtain evidence here in the jurisdiction where it exists, for use in foreign litigation in the BVI. That discovery does not circumvent the policies of the United States, the BVI, or any other foreign country. The court has previously addressed movants' objections regarding pre-filing document production and also meaningful appeal rights, which the court acknowledged in the context of possible harm to the individual movants and acknowledges now in the context of public interest. However, the balance of the public interest nevertheless favors discovery and disfavors the stay.

E.  Conclusion

In sum, the court declines to stay its order pending appeal. The movants' low likelihood of success on the merits, combined with the irreparable harm that Hornbeam and Bracha will likely suffer if discovery is stayed, together weigh against a stay. Further, the public interest favors allowing discovery. Accordingly, the court WILL DENY the request of Halliwel and Symeou to stay Regions Bank's production of documents.

Dated this 6th day of November, 2015.

*Karon O. Bowdre*
_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE