IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION OF | ) | |
| BRACHA FOUNDATION | ) | 2:15-mc-748-KOB |
| | ) | |
| REQUEST FOR DISCOVERY | ) | |
| PURSUANT TO 28 U.S.C. § 1782 | ) | |

## MEMORANDUM OPINION

This matter is before the court on "Motion for Protective Order and Other Relief" filed by Intervenors Halliwel Assets, Inc. and Mr. Panikos Symeou (doc. 71); "Motion to Intervene and Amend the Court's Protective Order to Permit the Use of Discovery" (doc. 87) filed by Proposed Intervenor Vadim Shulman, Applicant Bracha and Intervenor Hornbeam; the "Request for the Court to Determine Whether Bracha is an Interested Party" (doc. 74) filed by Applicant Bracha and Intervenor Hornbeam; and this court's "Order to Show Cause" why the court should not grant the motion to intervene and amend and why it should not deem the "interested party" request to be moot (doc. 92).

For the reasons stated in this Memorandum Opinion, the court WILL GRANT IN PART, DENY IN PART, and FIND as MOOT IN PART the "Motion for Protective Order and Other Relief"; WILL DENY the "Motion to Intervene and Amend the Court's Protective Order to Permit the Use of Discovery"; and FINDS to be MOOT the "Request for the Court to Determine Whether Bracha is an Interested Party."

## A. Background

These motions are the latest flurry of filings in a case that began as a request for discovery pursuant to 28 U.S.C. § 1782 to be used in foreign proceedings that had not yet been filed at the time of the request and the ruling upon it. Section 1782 provides a mechanism that allows "any interested person" to apply to the district court for an order granting discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782.

The discovery request in this case asked that this court order Regions Bank in the Northern District of Alabama to provide discovery of certain bank documents focused on Warren Steel Holdings, LLC and related companies, entities and individuals, as the applicants sought evidence of improper conduct to be used in as-of-yet-unfiled foreign proceeding. This court granted the request on behalf of applicant Bracha and intervenor Hornbeam, finding that the request met the four statutory requirements. On appeal, the Eleventh Circuit affirmed the ruling as to Hornbeam, but vacated it to the extent that the court had also granted discovery to Bracha. Recognizing that this court had granted the discovery request on behalf of *both* Bracha and Hornbeam, but had not made a specific determination of whether Bracha was an "interested party" within the meaning of 28 U.S.C. § 1782, the Court of Appeals remanded for this court to make that determination. (Doc. 65-1).

In the proceedings on remand, the parties have not been idle; they have continued to file motions and hundreds of pages of supporting documents. Bracha and Hornbeam filed a motion to remove Bracha as a requesting party (doc. 64), which the court subsequently allowed them to withdraw (docs. 74-motion & 81-Order). Intervenors Halliwel and Mr. Symeou filed a motion for protective order prohibiting Hornbeam from engaging in further communications with

Regions Bank and requiring that Regions Bank provide future document production to Hornbeam only with approval of the court and with the agreement of movants. The motion also requested other relief, including asking the court to amend its order granting the § 1782 petition. (Doc. 71). Before the court ruled on the motion for protective order, Regions Bank provided to Hornbeam the documents subject to the court's order, which the Eleventh Circuit had affirmed as to Hornbeam. *See* doc. 73. By agreement of the parties, the court ordered on May 15, 2017 that "Hornbeam shall not share with Bracha any of the documents it received from Regions Bank pursuant to the November 15, 2016 subpoena pending the court's determination whether Bracha is an interested party." (Doc. 73).

In early May of 2017, in a related § 1782 action pending in the Southern District of New York, that court granted Mr. Symeou's request for a protective order to prohibit Hornbeam, Bracha, and related persons, including Mr. Shulman, from using discovery produced in New York pursuant to § 1782 in future foreign *ex parte* or attachment proceedings without prior approval from that court. The parties submitted agreed language to that effect, and the district court in New York entered the protective order.

On May 12, 2017, Vadim Shulman, who was one of Warren Steel's beneficial owners and who is also the ultimate beneficial owner of Bracha and Hornbeam, filed a foreign legal proceeding in the English High Court of Justice against the two Ukranian businessmen who were beneficial owners of Warren Steel with Mr. Shulman. (Sealed Doc. 91-1 & 91-2; *see* Michaeli Decl. Doc. 88-1). Mr. Shulman asserts that this English proceeding was one of the foreign proceedings described in the discovery application that this court authorized. *See* doc. 99. The record is unclear when Halliwel and Mr. Symeou learned of that English proceeding, although

the May 2, 2017 hearing in New York referred to an impending action that might be filed in England.

On the same day that Mr. Shulman filed the English proceeding, Halliwel and Mr. Symeou filed in this court an unopposed motion to amend the October 20, 2015 protective order in this case to use the same or similar language as that in the New York district court's protective order, prohibiting Hornbeam, Bracha and related persons, including Mr. Shulman, from using the information produced from Regions Bank to Hornbeam as a result of this court's orders in any foreign *ex parte* or attachment proceedings without prior approval from this court. (Doc. 84). This court granted the unopposed motion (doc. 85) and entered an amended protective order on May 15, 2017 (doc. 86). On May 30, 2017, Mr. Shulman filed a motion to intervene in this case and to amend the protective order that his entities had previously not opposed, requesting new language that would permit him to use the discovery in the already filed English proceeding. (Doc. 87).

### B. Motion to Intervene and Amend the Court's Protective Order (doc. 87)

After more than two years of proceedings on this discovery action, including an appeal to the Eleventh Circuit and remand back to this court, Bracha and Hornbeam and proposed intervenor Vadim Shulman make two requests to this court: (1) to allow Mr. Shulman to intervene in this case; and (2) to amend the court's protective order to permit Mr. Shulman to use the discovery materials produced in this action in support of foreign proceedings he filed in England. In support of the motion is a 37-page brief with two declarations: (a) a declaration of David R. Michaeli, a New York attorney setting out 2017 developments in a § 1782 discovery action that Hornbeam filed in the Southern District of New York (doc. 88-1); and (b) a

4

declaration of Brian Doctor, Q.C. (doc. 88-2), a barrister and Queen's Counsel in London to assist this court in evaluating, among other things, the principles of English law applicable to the claims Mr. Shulman asserts in the English action and the limitations on the English court's ability to compel non-parties located in the United States to produce evidence to support those claims.

1. Motion to Intervene

This motion to intervene is the third filed in this discovery action. *See* Motion to Intervene of Halliwel and Mr. Symeou (doc. 8) and Motion to Intervene by Hornbeam (doc. 32). The court granted the previous two motions to intervene on October 2, 2015, approximately 22 months ago.

Halliwel and Mr. Symeou oppose the proposed intervention for the following reasons: they assert that (1) the court's § 1782 discovery Orders are final subject only to the Eleventh Circuit's directions on remand, and Shulman cannot piggy-back on final orders; and (2) on the merits, Shulman does not satisfy the standards for Rule 24 intervention because his attempt to intervene is untimely and because he is not an "interested person."

(1) Finality and Determination of the Issue

Halliwel and Mr. Symeou characterize this court's discovery order as a "final order" and assert that this court's authority is limited by the scope of the mandate on remand. This "mandate rule" argument ignores the posture of this proceeding, which is not the usual "final judgment" after summary judgment or trial, such as the case that Halliwel and Mr. Symeou cite as support for their argument. *See Litman v. Mass. Mut. Life Ins. Co.,* 825 F.2d 1506, 1510-13 (11th Cir. 1987) (*en banc*) (appeal from judgment entered after a jury trial). Rather, it is an

amended order on an application for discovery that retains jurisdiction and affords the applicants an opportunity to present further document requests:

> The court makes this ruling WITHOUT PREJUDICE to the applicants making further document requests(s) if, after receiving the documents listed in paragraph 2) above, Bracha and Hornbeam find a legitimate reason that they need additional documents, as discussed in the Memorandum Opinion. The court shall retain jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance.

(Doc. 47). Halliwel and Mr. Symeou appealed from that amended order as well as the denial of a motion to set aside the memorandum opinion and vacate that amended order. (Docs. 53, 57-58).

The Eleventh Circuit has explained that the mandate rule "*only* applies if our prior opinion determined [the issue], explicitly or by necessary implication." *Nat'l Fire Ins. Co. of Hartford v. Fortune Const. Co.,* 233 F. App'x 890, at *3 (11th Cir. 2007) (quoting *Transamerica Leasing, Inc. v. Inst. of London Underwriters,* 430 F.3d 1325, 1331 (11th Cir. 2005)). Here, the Eleventh Circuit's opinion did not determine the issue. As noted previously, the Court of Appeals affirmed this court's determination that Hornbeam's application met the requirements of §1782, and vacated the portion of this court's order providing discovery to the other applicant, Bracha, and remanding for this court to make a determination of whether Bracha was an interested party within the meaning of §1782. At the time of the Eleventh Circuit's ruling, Mr. Shulman had not yet filed his motion to intervene, and the Court of Appeals did not address whether Mr. Shulman could intervene as an applicant or whether his application for discovery would meet the requirements of §1782.

Given the court's retention of jurisdiction and offer of an opportunity to present further discovery requests, as well as the fact that the Eleventh Circuit did not address this specific issue

6

explicitly or impliedly, the court rejects the argument of Halliwel and Mr. Symeou that its authority on remand is so limited that it may not even consider Mr. Shulman's motion to intervene. This court will proceed to do so.

(2) Timeliness

Rule 24 of the Federal Rules of Civil Procedure includes a timeliness requirement for both intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). Fed. R. Civ. P. 24 (2007). But the rule does not provide an exact time deadline for intervention. The Eleventh Circuit has provided the following factors for the court to consider in determining whether a motion to intervene is timely:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs,* 302 F.3d 1242, 1259 (11th Cir. 2002). The proposed intervenor has the burden of establishing timeliness. *See, e.g., Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989).

In the instant case, the court finds that Mr. Shulman has not meet that burden. The first consideration militates against the timeliness of the intervention. Bracha filed the original discovery request in May of 2015. Although the court allowed three parties to intervene, those requests to intervene occurred within five months of the original application for discovery, and those parties participated in 22 months of proceedings: the October 2015 hearing before this

7

court addressing the discovery application, the subsequent proceedings challenging and supporting the court's discovery rulings, the appellate proceedings, and the subsequent briefing of issues on remand. During the two years since Bracha originally filed the discovery application, Shulman—as the "ultimate beneficial owner of the entire interest in . . . Bracha," and also the other intervenor applicant, Hornbeam[1]—was well aware of these proceedings. As ultimate beneficial owner of the entities applying for discovery, he had the knowledge and opportunity to intervene, and even filed a declaration in support of Bracha's discovery application (doc. 1-1, at 6). And yet, he chose not to name himself as an applicant or to attempt to intervene himself until after he had filed the joint venture action in England.

Mr. Shulman has not precisely explained the reason for the delay. The movants' briefs indicate that Mr. Shulman may have believed that he did not need to be a formal applicant himself because the "contemplated litigations" in the § 1782 application of Hornbeam and Bracha referred to him by name, specifically including actions that Mr. Shulman, or one of his entities, would bring. Only after he brought the English proceeding in his own name and wanted to use there the documents obtained from Regions Bank in this proceeding did he decide that he should intervene and avoid any question that he personally had authority to use those documents. This explanation does not clarify why his entities did not oppose on May 12 the same protective order he sought to amend on May 30; on either day, Mr. Shulman knew about the English proceeding, and, presumably, his desire to use the Alabama documents in it. Further, this explanation does not clarify why Hornbeam's lawyer would make a representation

---

[1] According to Fabrizio N. Campanile, Shulman was also the ultimate beneficial owner of the entire interest in Hornbeam, the entity that transferred its one-third ownership interest in Halliwel to Bracha. (Doc. 1-2, at 2).

8

on May 2 before the New York district court that no discovery materials produced in the Alabama action would be used for the foreign action filed in May, but then Hornbeam's owner, Mr. Shulman, would take the opposite position on May 30, 2017. (Docs. 87 & 94, at 8). These troubling contradictions smack of gamesmanship and hide-the-ball tactics that have no place in the judicial system.

The court acknowledges cases that address motions to intervene after judgment and advise the court to look upon them with disfavor. *See, e.g., United States v. U.S. Steel Corp.,* 548 F.2d 1232, 1235 (5th Cir. 1977) (finding that the district court did not err in denying as untimely motion to intervene after the entry of final judgment, explaining that such motions are "ordinarily looked upon with a jaundiced eye [because they] have a strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court."); *McDonald v. Lavino Co.,* 430 F.2d 1065, 1071-72 (5th Cir. 1970) (referring to the "well established general principle that intervention after judgment is unusual and not often granted); *see also Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013, 1016 (11th Cir. 1992) (collecting cases for the proposition that "intervention after . . . entry of judgment is not favored") (Edmonson, J. dissenting). However, as previously noted, this case is not a typical one that proceeds to summary judgment and/or trial. Rather, it is a discovery application, upon which this court ruled and retained jurisdiction not only for enforcement purposes, but also for supplemental discovery requests, with a subsequent appeal of the ruling. Accordingly, the cases that address motions to intervene after judgment may be instructive, but they are not squarely on point.

In any event, the fact remains that Mr. Shulman knew about these proceedings since their inception, and was contemplating filing a foreign action and using the documents to be produced here, yet waited two years to intervene; he has articulated no reasonable excuse for the delay.

The second consideration is whether Halliwel and Mr. Symeou will suffer prejudice if Mr. Shulman is allowed to intervene. As noted above, they have been involved in the Alabama proceedings for approximately 22 months. During the 22 months, Mr. Shulman's own involvement has been clear, as a participant behind the scenes but not as a party. Both of the applicants for discovery were entities that he controlled and that control was no secret; all parties have acknowledged that he was those applicants' ultimate beneficial owner. The application mentions Mr. Shulman by name over thirty times, and Mr. Shulman filed one of the declarations supporting the application for discovery. Significantly, two of the three contemplated foreign litigations listed in the discovery application were to be filed by Mr. Shulman, or one of the entities he owned. Indeed, the underlying dispute upon which the discovery application was based revolved around a dispute between three individuals, one of which was Mr. Shulman, involving a joint venture to purchase the Warren Steel plan. In light of these facts, Halliwel and Mr. Symeou can claim no surprise that Mr. Shulman, the owner of applicant Hornbeam, was planning to use the documents produced in one of the contemplated litigations. This intervention would be formalizing an involvement that has been understood and blatant from the inception of this proceeding.

Despite the lack of surprise, some prejudice to Halliwel and Mr. Symeou nevertheless exists: all participants to this proceeding, including the court itself, understood that this matter

10

was drawing to a close. If intervention were to be granted, the parties would now face the prospect of having to brief new issues for a new, albeit related, applicant who wishes to use the discovery documents: whether a discovery request on behalf of Mr. Shulman satisfies the § 1782 statutory requirements, including whether he is an interested person; and whether discretionary matters favor intervention, such as whether the tribunal in England—which is not the contemplated BVI proceedings discussed in previous briefing and memorandum opinions—would be receptive to judicial assistance. *See* 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S, 241, 264-65 (2004); *see also* briefing referring to the BVI as the location of contemplated proceedings (docs. 12, & 35, at 23-24, 30-31) and this court's Memorandum Opinion referring to the contemplated action in the BVI (doc. 46 , at 5 &7-9) .

If Mr. Shulman had been an original applicant in May of 2015, or had intervened in the Fall of 2015 with Hornbeam, his entity, these matters would have been addressed in 2015, along with the other briefing. The court is troubled that Mr. Shulman would wait until these proceedings are drawing to a close, and then belatedly attempt to intervene, raising new issues and asking for an amendment of Protective Order recently entered in New York with the agreement of the entities Mr. Shulman controls and in Alabama without their opposition. Under these circumstances, the prolonging of these proceedings with additional briefing and rulings is prejudicial to Halliwel and Mr. Symeou, and is not an efficient use of this court's resources.

The last two considerations do not outweigh the first two, as whatever prejudice Mr. Shulman faces is based on his own choice not to intervene earlier, and the court is unaware of any "unusual circumstances" that would justify such a belated intervention. The court WILL

DENY Mr. Shulman's motion to intervene as untimely, and DIRECTS the Clerk of Court to reflect on the docket sheet that his attempt to intervene and become a party to this proceeding has failed.

2. Motion to Amend Protective Order

The remaining movants, Bracha and Hornbeam, also request that the court amend its protective order, presumably the May 15, 2017 protective order (doc. 86), which further amended the October 20, 2015 protective order (doc. 48). The May 2017 amended protective order stated that the information produced in response to a subpoena that this court issued

> shall be used solely in connection with Permitted Uses and Permitted Litigations. Hornbeam Corporation, Bracha Foundation, Vadim Shulman, and any related person authorized to received Confidential Information under any Order of this Court, including their counsel, representatives, and agents, are prohibited from using any Confidential Information, directly or indirectly, in foreign *ex parte* or attachment (including Maureva and asset freezing) proceedings, without this Court's permission.

(Doc. 86).

Bracha and Hornbeam ask that this language be changed specifically to permit Mr. Shulman to use discovery material produced in this action in support of the English proceedings. This request is curious in light of the fact that, on May 12, approximately two weeks before they requested this amendment, Bracha and Hornbeam, did not oppose the entry of this protective order. The request is also curious in light of the fact that, on May 2, Hornbeam's counsel made representations that "there will be no use of any discovery materials produced in the [ ] Alabama action in connection with initiating those proceedings [to be filed in a foreign jurisdiction in May, 2017]. . . .We have represented that we will not use discovery to file any kind of proceeding abroad, ex parte or not." (Doc. 94-4, at 3 & 5).

The court WILL DENY Bracha and Hornbeam's request to amend its protective order that they did not oppose at the time of entry. The protective order says what it says, and Mr. Shulman will have an opportunity in the English court to make arguments about whether he may use in the English proceedings the documents produced to Hornbeam here.

**C. "Request for the Court to Determine Whether Bracha is an Interested Party" (doc. 74) filed by Applicant Bracha and Intervenor Hornbeam; and this court's "Order to Show Cause" why the court should not grant the motion to intervene and amend and why it should deem the "interested party" request to be moot**.

As discussed previously, the Eleventh Circuit vacated this court's order on the § 1782 discovery application to the extent that it granted discovery to Bracha, remanding for this court to determine whether Bracha is an interested party within the meaning of § 1782. (Doc. 65-1, at 26). The precise issue for the court to determine upon remand is "whether Bracha—as beneficial owner, but not the record owner, of shares in Halliwel (the corporation set to be the target of the contemplated litigation)—has sufficient participation rights in the contemplated BVI (or other contemplated foreign) litigation so as to qualify as an 'interested person.'" *Id.* at 17.

Upon remand, the court received mixed signals from Bracha regarding whether Bracha intended to withdraw its application for discovery and/or whether it still contemplated filing foreign litigation, changes which could render moot any "interested party" determination. For example, in November of 2016, Bracha and Hornbeam filed a motion asking the court to remove Bracha as a party requesting § 1782 discovery. (Doc. 64). But Bracha and Hornbeam subsequently filed a motion to withdraw that filing and requested that the court proceed to make the "interested party" determination (doc. 74). The court allowed the withdrawal and set a briefing schedule on the "interested party" issue. (Doc. 81). In late April of 2017, Hornbeam

13

and Bracha asked for an extension of the briefing schedule, indicating that they expected to initiate foreign litigation in May that would affect the briefing. (Doc. 82). The court granted an extension to May 30, 2017. On May 30, 2017, Mr. Shulman, Bracha, and Hornbeam filed in this court the motion to intervene and amend the protective order (doc.87) with a supporting brief (doc. 89), advising the court of Mr. Shulman's filing of the English action. The brief did not address the "interested party" issue except to say that the movants have elected "to defer possible claims in which Bracha would be plaintiff"; they explained:

> Since Bracha's status is not relevant to the English Action [that Mr. Shulman filed in May], applicants respectfully request that the issue of Bracha's status in other contemplated foreign litigations be held in abeyance, to be revisited if Bracha subsequently determines that it wishes to use discovery from this action in a separate foreign case directly involving Bracha.

(Doc. 88, at 19).

This court subsequently entered an "Order to Show Cause," referring to the above language and stating that "logic suggests that the request for the court to determine Bracha's 'interested party' status is moot at this time. . . . If Bracha and Hornbeam have further information to share with the court that would indicate that the request is not moot, they should provide it in response to this Order." (Doc. 92). In response, Bracha and Hornbeam stated:

> Applicants agree with the Court that it is not necessary at this stage to resolve whether Bracha has sufficient participation or other rights in the contemplated proceedings described in Bracha's application to qualify as an "interested party" for purposes of § 1782 because Bracha has not yet initiated foreign claims. Applicants are, however, continuing their efforts to obtain evidence through related § 1782 proceedings to support the additional foreign claims described in Bracha's § 1782 application. As such, Applicants respectfully submit that they should be permitted to file a renewed motion to have Bracha's status determined at an appropriate time in the future . . . .

(Doc. 95-1).

14

This court must follow the mandate of the Eleventh Circuit and resolve the "interested party" issue *unless* changes have rendered that issue moot. Bracha's response is somewhat opaque and not entirely responsive: the key is not whether Bracha has yet initiated foreign claims, because the court can and has granted § 1782 discovery for foreign claims that have not yet been filed; and the key is not whether Bracha and Hornbeam are pursuing evidence through related § 1782 proceedings in other courts. The key is whether Bracha itself remains an applicant to the discovery requested in this proceeding and still contemplates filing the described foreign litigation. If so, then the court must address the "interested party" issue framed by the Eleventh Circuit. If not, then the issue is moot and the court need not address it.

As the court understands Bracha's response, Bracha does not currently contemplate filing foreign litigation. Otherwise, Bracha could not represent to the court that "it is not necessary at this stage to resolve whether Bracha has sufficient participation or other rights in the contemplated proceedings described in Bracha's application to qualify as an 'interested party' for purposes of § 1782." (Doc. 95-1). Thus, the court FINDS that the "interested party" issue is MOOT as to Bracha, and Bracha, Hornbeam, Halliwel and Mr. Symeou all appear to agree.

Nevertheless, Bracha wants the court to hold the application in abeyance indefinitely until, sometime in the future, it decides whether it will pursue litigation. Or, if the court cannot sit on the application indefinitely, it apparently wants the court to dismiss the application without prejudice so that no bar exists to filing a renewed motion someday. The court knows of no authority that allows it to hold an application in such abeyance, but the court agrees that Bracha's

application can be dismissed without prejudice. If, in the future, Bracha again contemplates filing foreign proceedings and needs discovery, it may file another § 1782 application.

Therefore, the court WILL AMEND its October 19, 2015 Order so that the order grants the application as to Hornbeam only, and the court WILL DISMISS WITHOUT PREJUDICE the application of Bracha as MOOT, dismissing Bracha as a party to this proceeding.

### D. "Motion for Protective Order and Other Relief" filed by Intervenors Halliwel Assets, Inc. and Mr. Panikos Symeou (doc. 71)

On December 12, 2016, Halliwel and Mr. Symeou filed a motion for this court to

> (1) enter a protective order prohibiting [Hornbeam] from engaging in further communications with [Regions Bank] to which Movants are not parties and require any future production pursuant to Hornbeam's current subpoena to Regions to be made simultaneously to Hornbeam and Movants by means agreed by the Parties or approved by the Court and consistent with the October 20, 2015 Protective Order, ECF 48; (2) amend the Order granting the § 1782 application to reflect that discovery has been granted *only* to Hornbeam and the October 20, 2105 Protective Order to remove Bracha Foundation ("Bracha") as a party entitled to receive documents; and (3) require Hornbeam to file its own § 1782 petition if it seeks to use documents produced in response to the subpoena in this action outside of the [BVI], specifying the proposed defendants, claims, and jurisdictions.

(Doc. 71).

On December 13, 2016, this court held a telephone conference with the parties and, by agreement of the parties, ordered that "Hornbeam shall not share with Bracha any of the documents it received from Regions Bank pursuant to the November 15, 2016 subpoena pending the court's determination whether Bracha is an interested party as mandated by the Eleventh Circuit . . . . After the court's determination regarding Bracha, the court will address any outstanding protective order matters if necessary." (Doc. 73). As noted earlier, the court entered an amended protective order on May 15, 2017.

16

In light of the Eleventh Circuit's ruling vacating the grant of discovery as to Bracha, and this court's rulings above, the court WILL GRANT it IN PART, DENY it IN PART, and FINDS it to be MOOT in part.

As to the motion's first request, the court FINDS it to be MOOT to the extent that it addressed Regions Bank producing documents to Hornbeam pursuant to a subpoena based on this court's October 19, 2015 Order that the Eleventh Circuit affirmed. As of December 13, 2016, the day that the court first discussed this motion with the parties and the day after its filing, Regions Bank had already produced those documents to Hornbeam. *See* doc. 72.

To the extent that the first request asks this court for an amended protective order, the court WILL GRANT the request, and WILL EXTEND its December 13, 2016 protective order—which prohibited Hornbeam from sharing with Bracha any of the documents it received pursuant to the November 15, 2016 subpoena—until the entry of a new Protective Order. The new protective order will also prohibit Hornbeam from sharing with Bracha any such documents unless a subsequent court order from this or another court or tribunal allows it to do so. The court WILL ORDER Hornbeam, Halliwel and Mr. Symeou to submit to the court on or before **August 21, 2017** a JOINT proposal for a revised Protective Order consistent with these rulings.

As to the second request, the court WILL GRANT the motion. By Order entered simultaneously with this Memorandum Opinion, the court WILL AMEND its October 19, 2015 Order to reflect the grant of discovery to Hornbeam only.

The court WILL DENY the third request; the Eleventh Circuit has affirmed the grant of

17

discovery as to Hornbeam.

Dated this eighth day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE